UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RALEIGH BROADNAX,

    Petitioner,

v.                                                         CASE NO: 8:10-cv-01055-T-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

# ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this amended petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #4). The Court has considered the amended petition, Respondents' response (Dkt. #6) and Petitioner's reply (Dkt. #9). Upon review, the Court determines that three grounds of this petition must be dismissed because they are procedurally barred, and one ground must be denied because it is without merit.

## BACKGROUND

Petitioner Raleigh Broadnax was convicted by a jury of two counts of robbery with a firearm. Petitioner was sentenced to two consecutive thirty year imprisonment terms.

Petitioner filed a direct appeal, and on January 16, 2004, the appellate court affirmed his sentence and conviction. Then, Petitioner filed a 3.850 motion for post conviction relief on January 27, 2005, and a Supplemental Motion for Post-Conviction Relief on October 29,

2007. The trial court granted an evidentiary hearing, but it eventually denied or dismissed all of Petitioner's grounds. The Second District affirmed the trial court's rulings on March 5, 2010. Petitioner sought Florida Supreme Court review but it was denied on April 21, 2010. On May 3, 2010, Petitioner filed a § 2254 petition and thereafter filed an amended petition on May 26, 2010.

The Antiterrorism and Effective Death Penalty Act of 1996 requires that a federal habeas corpus petition be filed within one year from the date the conviction becomes final. 28 U.S.C. § 2244(d)(1). The one year limitations period is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. at (d)(2).

Due to tolling, this petition was timely filed and alleges four grounds: prosecutorial misconduct, double jeopardy, lack of subject matter jurisdiction/probable cause, and ineffective assistance of counsel.

## PROCEDURAL BAR

Under 28 U.S.C. §§ 2254(b) and (c), a petitioner is required to exhaust all available state court remedies before bringing a habeas corpus petition in federal court. "To properly exhaust a claim, 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Maples v. Allen*, 586 F.3d 879, 886 (11th Cir. 2009) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a claim is not exhausted, it is procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). There are exceptions to a procedural

default. "Federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the defendant and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 749 (11th Cir. 1995).

Here, Petitioner fails to allege cause, prejudice, or a fundamental miscarriage of justice. Thus, grounds one, three, and four are procedurally barred because Petitioner failed to exhaust them in state court proceedings. Had they not been procedurally barred, they would have failed on the merits for the reasons set forth below.

**Ground One**: **Prosecutorial Misconduct for Using Suppressed Evidence**

Petitioner failed to raise this ground in a state court proceeding. In his supplemental motion for post-conviction relief, Petitioner alleged that the prosecutor failed to disclose police reports and failed to correct misleading police statements. Here, however, Petitioner alleges prosecutorial misconduct for using suppressed evidence, a different allegation. Thus, Petitioner is procedurally barred from bringing this prosecutorial misconduct claim.

Prosecutorial misconduct is governed by a two prong test: "(1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant." *United States v. Eyster*, 948 F.2d 1196, 1206 (11th Cir. 1991). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." *United States v. Wilson*, 149 F.3d 1298, 1301 (11th Cir. 1998).

Petitioner challenges the prosecutor's remarks in admitting his confession into evidence during trial. He alleges that the confession was suppressed evidence. However, Broadnax is factually incorrect. The confession was challenged by Petitioner's counsel on the ground that Broadnax was under the influence of a substance that rendered the confession involuntary. The trial court, though, denied the challenge and admitted the confession into evidence, so the prosecutor's remarks were not improper. Thus, the first prong of the test is not met. Additionally, Petitioner fails to show with a reasonable probability that had the prosecutor failed to admit the evidence, he would not have been convicted.

**Ground Three:     Double Jeopardy**

Petitioner alleges double jeopardy in his "abuse of discretion by state courts" allegation. Initially, in a prior state court proceeding, Petitioner alleged a double jeopardy violation; however, he withdrew this ground at an evidentiary hearing on his motion for post-conviction relief. At the hearing, Petitioner confirmed that he understood and agreed to the withdrawal of this claim. Thus, this ground was not fully exhausted at the state court level and is procedurally barred.

A double jeopardy claim may only be brought in a § 2254 motion when it involves a state court decision that "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Double Jeopardy Clause protects

defendants from successive prosecutions and multiple punishments. *U.S. v. Dixon*, 509 U.S. 688, 696 (1993) (citing *North Carolina v. Pearce*, 395 U.S. 711 (1969)).

Here, Petitioner did not face successive prosecutions or multiple punishments for the same offense, the recognized categories for double jeopardy relief. Petitioner was charged with two counts of robbery with a firearm for two separate acts. Thus, even assuming Petitioner could have raised a double jeopardy claim, it would have failed on the merits.

**Ground Four:**     **Probable Cause and Subject Matter Jurisdiction Challenge**

In Petitioner's own words, he alleges "Negligence, wrongful detention, false imprisonment caused by inadequate arrest affidavit and complaint for probable cause." In explaining this ground, Petitioner also alleges that the state court lacked subject matter jurisdiction.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991). Construing Petitioner's pleading liberally, this Court will consider this ground as challenging both probable cause and subject matter jurisdiction of the state trial court.

Petitioner did not raise probable cause or subject matter jurisdiction claims in his previous state court appeals; thus, these claims must be dismissed because they are procedurally barred.

A federal court will not review a state court decision, including decisions regarding probable cause, unless it is "contrary to" or an "unreasonable application" of established

federal law. *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). In particular, a federal court will review a decision if (1) the state court contradicts the governing law set forth by Supreme Court case law, or (2) given materially indistinguishable facts, the state court reached a different result from a Supreme Court case. *See Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000). Here, Petitioner fails to show that a state court decision regarding probable cause met any of these categories.

A petitioner may bring a § 2254(d)(4) challenge alleging that a state court lacked subject matter jurisdiction. Here, however, Petitioner's claim would fail, as the State of Florida has jurisdiction over criminal acts that occur within its state boundaries. Fla. Stat. Ann. § 910.005(1)(a). Petitioner does not dispute that the robberies occurred in the state of Florida. Thus, this claim would fail even if it were not barred.

## DISCUSSION

**Ground Two:** **Ineffective Assistance of Counsel for Failing to File a Sufficient Motion to Suppress Petitioner's Confession on the Basis of Unlawful Arrest**

Under 28 U.S.C. § 2254(d), a petitioner must establish that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Petitioner alleges a denial of his constitutional Sixth Amendment right to counsel.

The standard to determine whether the right to effective assistance of counsel has been violated is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."

*Strickland v. Washington*, 466 U.S. 668, 686 (1984). Counsel is presumed competent to assist a defendant, and the burden is on the petitioner to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). To be granted Section 2254 relief, a petitioner must show "by a preponderance of competent evidence," *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000), that (1) counsel's performance fell below an objective standard of reasonable professional assistance and that (2) Defendant was prejudiced by the deficient performance. *Strickland*, 466 U.S. 668 at 687, 694. To satisfy the prejudice prong under *Strickland*, the accused must establish that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing in one." *Id*. at 697.

Here, Petitioner fails to meet the first prong of the test. Petitioner appears to allege that his counsel's performance fell below an objective standard because his counsel failed to review police reports regarding his allegedly coerced confession and should have suppressed his confession due to his lack of a *Miranda* warning. Petitioner, however, admitted that he did not tell his counsel that he was coerced into talking to police until after the trial had already taken place. Post-conviction Hr'g Tr. 22:12-25 (Jan. 29, 2008). Thus, Petitioner's counsel did not have any basis for challenging his confession on the basis of coercion. This claim is without merit and will be denied.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1.  The amended petition for writ of habeas corpus (Dkt. #4) is DENIED.

2.  The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on June 20, 2011.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

F:\Docs\2010\10-cv-1055.deny 2254.wpd